# Exhibit A



# Notice of Service of Process

**KSB / ALL**
**Transmittal Number: 32193709**
**Date Processed: 09/04/2025**

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |
| **Entity:** | State Farm Fire and Casualty Company<br>Entity ID Number  3461650 |
| **Entity Served:** | State Farm Fire and Casualty Company |
| **Title of Action:** | Robert Holloway vs. State Farm Fire and Casualty Company, a corporation |
| **Matter Name/ID:** | Robert Holloway vs. State Farm Fire and Casualty Company, a corporation (17843199) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Salt Lake County District Court, UT |
| **Case/Reference No:** | 250906931 |
| **Jurisdiction Served:** | Utah |
| **Date Served on CSC:** | 09/04/2025 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Johnson Legal Group, PLLC<br>385-626-0026 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Adriana Johnson – 15642
Alecia Johnson – 18432
JOHNSON LEGAL GROUP, PLLC
5957 South Redwood Road, Suite 101
Taylorsville, UT 84123
Telephone: (385) 626-0026
Email: adrianaj@aajohnsonlegal.com
aleciaj@aajohnsonlegal.com

Matthew S. Russo – 19215
HODGE LAW FIRM, PLLC
The Historic Runge House
1301 Market Street
Galveston, TX 77550
Telephone: (409) 762-5000
mrusso@hodgefirm.com
*Attorneys for Plaintiffs*

## IN THE THIRD JUDICIAL DISTRICT COURT
## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| **ROBERT HOLLOWAY and BEVERLY J. HOLLOWAY, individuals**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**STATE FARM FIRE AND CASUALTY COMPANY, a corporation**<br><br>**Defendant.** | **COMPLAINT AND JURY DEMAND (Tier 2)**<br><br>**Case Number 250906931**<br>**Judge Robert Faust** |

Plaintiffs Robert Holloway and Beverly Holloway ("Plaintiffs'), hereby complain and allege against the defendant State Farm Fire and Casualty Company (the "Defendant") as follows:

### PARTIES

1. Plaintiffs are individuals who, and at all times, have resided in Salt Lake County, State of Utah.

2. Defendant is an insurance corporation that regularly conducts business in the State of Utah and conducted business with Plaintiff in the State of Utah.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this matter pursuant to Utah Code Ann. § 78A-5-102

4. Venue is proper pursuant to Utah Code Ann. §§ 78B-3-304 and 307.

**FACTUAL ALLEGATIONS**

5. Plaintiffs are the owners of real property located at 4042 W. Buck Hollow Ln. Bluffdale, Utah 84065 (the "Property").

6. Defendant issued Plaintiffs a homeowners insurance policy, bearing Policy Number 44-BH-Z907-2 and effective dates of coverage from January 22, 2022 to January 22, 2023 (hereinafter "Policy").

7. Plaintiffs were listed as the insureds under the Policy.

8. During the effective dates of the Policy, on or about August 23, 2022, the Property suffered direct physical loss from the peril of wind and hail to the Property's roof shingles and roof components which lead to ensuing water damage to the property's interior.

9. Plaintiffs timely notified Defendant of the damages to the Property.

10. Defendant assigned Claim Number 44-62H8-78P to Plaintiffs' claim.

11. Defendant acknowledged damage to the property and submitted an estimate for some repairs to the property's roof and interior walls. However, Defendant did not acknowledge storm damage to the roof.

12. Defendant sent an "engineer" to inspect the roof, and he also acknowledged damage

2

to the roof and attic, but stated the damage found on the roof was merely a result of "age" and "natural weathering" and not from wind or hail.

13. Several of Plaintiffs' neighbors got their roofs approved for wind and hail with the same storm.

14. Because of this, Plaintiffs were forced to hire a public adjuster to assist them with the claim.

15. Defendant approved repairs for several shingles on the roof.

16. However, the public adjuster informed Defendant that the shingles currently on the home were no longer available and that the replacement shingles Defendant suggested for the repair were much darker in color and thus, spot repairs on the roof would result in a nonuniform, patchwork appearance.

17. Plaintiffs provided Defendant with photographs of the damage to the Property as well as a detailed estimate to repair all covered damages.

18. Plaintiffs' public adjuster's estimate of the amount of loss substantially differed from Defendant's estimate.

19. After the public adjuster advised Defendant of the damages and the cost to fully indemnify Plaintiffs, Defendant stopped responding to Plaintiffs substantively about the Claim.

20. Defendant failed to properly investigate the Claim.

21. Defendant failed to properly indemnify Plaintiffs for all covered damages, including but not limited to the replacement of the roof and related roof components.

22. In the handling of the claim, Defendant failed to adhere to the minimum standards for prompt, fair and equitable claim settlement as set forth in Utah

Administrative Code R590-190, including, but not limited to:

a) Denying or threatening to deny a claim, or rescinding, canceling, or threatening to rescind or cancel coverage under a policy for a reason that is not clearly described in a policy as a reason for denial, cancellation, or rescission;

b) Refusing to pay a claim without conducting a reasonable investigation;

c) Offering a first party claimant substantially less than a claim's reasonable value as established by an independent source;

d) Failing to complete its investigation of the claim within 30 days after receiving a complete proof of loss;

e) Failing to fully disclose to Plaintiffs all pertinent benefits, coverages, and other provisions of an insurance policy under which a claim is presented;

f) Failing to acknowledge all pertinent communications and provide a substantive response within 15 days;

g) Refusing to provide a written basis for the denial of a claim upon demand of the insured;

h) Refusing to pay reasonably incurred expenses to an insured when such expenses resulted from a delay, as prohibited by these rules in claims settlement or claims payment;

i) Failing to pay interest at the legal rate, as provided in Title 15, Utah Code, upon amounts that are overdue under these rules;

j) Failing to make payment on the loss acknowledged within the time required; and

4

  k) Failing to provide for repairs.

23. In total, Plaintiffs are entitled to recover at least $42,780.00 from Defendant plus public adjuster costs, attorney fees, interest and costs. (*See Taylor v. State Farm,* Case 1:22-cv-00101-RJS-DBP, Memorandum Decision and Order, September 2024).

## FIRST CAUSE OF ACTION
### (Breach of Contract)

24. Plaintiffs reallege and incorporate by reference the allegations in all prior paragraphs.

25. The Policy constitutes a valid and enforceable contract whereby Defendant insured Plaintiffs in the Policy.

26. Plaintiffs entitled to full payment for losses under the Policy.

27. Defendant has materially breached the Policy by, among other things, failing to timely and fully pay Plaintiffs for covered losses.

28. Defendant has materially breached the Policy by, among other things, failing to pay for actual losses caused by the Storm.

29. Defendant's actions and inactions in responding to, evaluating, and handling the Claim constitutes bad faith under Utah law.

30. Defendant's actions and inactions caused Plaintiffs to hire a public adjuster and attorney as contemplated in the Policy: "No action will be brought against us unless there has been full compliance with all of the policy provisions. Any action by any party must be started within three years after the date of loss or damage."

31. As a direct and proximate result of Defendant's bad faith actions and breach of

the Policy, as described above, Plaintiffs have incurred, and continue to incur, significant damages.

32. Plaintiffs are therefore entitled to judgment against Defendant as set forth below in the Prayer for Relief, including attorney's fees and public adjuster fees. (*See Taylor v. State Farm,* Case 1:22-cv-00101-RJS-DBP, Memorandum Decision and Order, September 2024).

**SECOND CAUSE OF ACTION**
**(Breach of Duty of Good Faith and Fair Dealing)**

33. Plaintiffs reallege and incorporate by reference the allegations in all prior paragraphs.

34. Defendant's actions and inactions in responding to, evaluating, and handling the Claim constitutes bad faith under Utah law.

35. Defendant breached the duty of good faith and fair dealing in the following respects:

   a. Failing to properly investigate the Claim, as indicated above;

   b. Failing to fairly evaluate the Claim, as indicated above;

   c. Failing to promptly pay and settle the Claim, as indicated above;

   d. Failing to comply with Utah law regarding the handling of the Claim as indicated above;

   e. Misrepresenting facts regarding policy provisions and coverages;

   f. Failing to deal with its insured as a layman and not as an expert in the subtleties of law and insurance coverages; and

   g. Causing Plaintiffs to hire a public adjuster and attorney in order to

recover the amounts owed to them (the Policy includes a clause for "Legal Action Against Us", while the "clause does not explicitly state attorney fees will be awarded to the prevailing party…its inclusion underscores the Policy anticipates the possibility of litigation). *Taylor v. State Farm.*

36. These implied duties are based on Utah's claim handling laws set forth above, industry standards for accepted claims adjusting practices, and Utah's common law as set forth in *Canyon Country Store v. Bracey,* 781 P.2d 414 (Utah 1989), *Beck v. Farmers Ins. Exchange,* 701 P.2d 795 (Utah 1985), and Utah MUJI pt Ed.§ 21.7.

37. As a direct and proximate result of Defendant's breach of the duty of good faith and fair dealing as described above Plaintiffs have incurred, and continue to incur, significant damages.

38. Plaintiffs are, therefore, entitled to judgment against Defendant as set forth below in the Prayer for Relief.

## JURY DEMAND

39. Plaintiffs request a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs request relief as follows:

I.  On Plaintiffs' First Cause of Action: A money judgment against Defendant in an amount to be determined at trial, but a at least $42,780.00 from Defendant plus public adjuster costs, attorney fees, interest and costs;

II. On Plaintiffs' Second Cause of Action: A money judgment against Defendant in an amount to be determined at trial, but at least $42,780.00 from Defendant

7

plus public adjuster costs, attorney fees, interest and costs;

    III.    For such other relief as the Court deems proper.

DATED this 22nd day of August 2025.

                        JOHNSON LEGAL, PLLC

                        **/s/ Adriana Johnson**
                        Adriana Johnson
                        Alecia Johnson
                        Matthew S. Russo
                        HODGE LAW FIRM, PLLC
                        *Attorneys for Plaintiffs*

Adriana Johnson – 15642
Alecia Johnson – 18432
JOHNSON LEGAL GROUP, PLLC
5957 South Redwood Road, Suite 101
Taylorsville, UT 84123
Telephone: (385) 626-0026
Email: adrianaj@aajohnsonlegal.com
aleciaj@aajohnsonlegal.com

Matthew S. Russo – 19215
HODGE LAW FIRM, PLLC
The Historic Runge House
1301 Market Street
Galveston, TX 77550
Telephone: (409) 762-5000
mrusso@hodgefirm.com
*Attorneys for Plaintiffs*

## IN THE THIRD JUDICIAL DISTRICT COURT
## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| **ROBERT HOLLOWAY and BEVERLY J. HOLLOWAY, individuals**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**STATE FARM FIRE AND CASUALTY COMPANY, a corporation**<br><br>**Defendant.** | **SUMMONS**<br>**(Tier 2)**<br><br><br><br><br>**Case Number 250906931**<br>**Judge Robert Faust** |

**THE STATE OF UTAH TO THE ABOVE-NAMED DEFENDANT:**

    **STATE FARM FIRE AND CASUALTY COMPANY**
    Registered Agent: Corporation Service Company
    15 West South Temple, Suite 600
    Salt Lake City, UT 84101

You are summoned and required to answer the attached Complaint. Within 21 days after service of this summons, you must file your written answer with the clerk of the court at the following address: 450 S STATE ST SALT LAKE CITY UT 84111, and you must mail or deliver a copy to Plaintiff's Attorney at the address listed above. If you fail to do so, judgment

1

by default may be taken against you for the relief demanded in the Complaint. The Complaint is attached hereto. The relief demanded is as prayed for in the attached Complaint and said Complaint is hereby served upon you.

| | |
|---|---|
| A lawsuit has been filed against you. You must respond in writing by the deadline for the court to consider your side. The written response is called an Answer. | Se ha presentado una demanda en su contra. Si desea que el juez considere su lado, deberá presentar una respuesta por escrito dentro del periodo de tiempo establecido. La respuesta por escrito es conocida como la Respuesta. |
| **Deadline!**<br>Your Answer must be filed with the court and served on the other party **within 21 days** of the date you were served with this Summons. | **¡Fecha límite para contestar!**<br>Su Respuesta debe ser presentada en el tribunal y también con la debida entrega formal a la otra parte **dentro de 21 días** a partir de la fecha en que usted recibió la entrega formal del Citatorio. |
| If you do not file and serve your Answer by the deadline, the other party can ask the court for a default judgment. A default judgment means the other party can get what they asked for, and you do not get the chance to tell your side of the story. | Si usted no presenta una respuesta ni hace la entrega formal dentro del plazo establecido, la otra parte podrá pedirle al juez que asiente un fallo por incumplimiento. Un fallo por incumplimiento significa que la otra parte recibe lo que pidió, y usted no tendrá la oportunidad de decir su versión de los hechos. |
| **Read the complaint/petition**<br>The Complaint or Petition has been filed with the court and explains what the other party is asking for in their lawsuit. Read it carefully. | **Lea la demanda o petición**<br>La demanda o petición fue presentada en el tribunal y ésta explica lo que la otra parte pide. Léala cuidadosamente. |
| **Answer the complaint/petition**<br>You must file your Answer in writing with the court **within 21 days** of the date you were served with this Summons. You can find an Answer form on the court's website: utcourts.gov/ans<br>Scan QR code to visit page | **Cómo responder a la demanda o petición**<br>Usted debe presentar su Respuesta por escrito en el tribunal **dentro de 21 días** a partir de la fecha en que usted recibió la entrega formal del Citatorio. Puede encontrar el formulario para la presentación de la Respuesta en la página del tribunal: utcourts.gov/ans-span<br>Para accesar esta página escanee el código QR |
| **Serve the Answer on the other party**<br>You must email, mail or hand deliver a copy of your Answer to the other party (or their attorney or licensed paralegal practitioner, if they have one) at the address shown at the top left corner of the first page of this | |

2

Summons.

**Finding help**

The court's Finding Legal Help web page

(utcourts.gov/help) provides information about the ways you can get legal help, including the Self-Help Center, reduced-fee attorneys, limited legal help and free legal clinics.


Scan QR code to visit page

**Entrega formal de la respuesta a la otra parte**

Usted deberá enviar por correo electrónico, correo o entregar personalmente una copia de su Respuesta a la otra parte (o a su abogado o asistente legal, si tiene) a la dirección localizada en la esquina izquierda superior de la primera hoja del citatorio.

**Cómo encontrar ayuda legal**

Para información sobre maneras de obtener ayuda legal, vea nuestra página de Internet Cómo Encontrar Ayuda Legal. (utcourts.gov/help-span) Algunas maneras de obtener ayuda legal son por medio de una visita a un taller jurídico gratuito, o mediante el Centro de Ayuda. También hay ayuda legal a precios de descuento y consejo legal breve.


Para accesar esta página escanee el código QR

---



An Arabic version of this document is available on the court's website:
تتوجد نسخة عربية من هذه الوثيقة على موقع المحكمة على الإنترنت
utcourts.gov/arabic

---

A Simplified Chinese version of this document is available on the court's website:

本文件的简体中文版可在法院网站上找到：

utcourts.gov/chinese

请扫描QR码访问网页

---

A Vietnamese version of this document is available on the court's website:

Một bản tiếng Việt của tài liệu này có sẵn trên trang web của tòa:

utcourts.gov/viet

Xin vết mã

QR (Trả lời nhanh)đế viếng trang

DATED this 28th day of August, 2025.

                                              JOHNSON LEGAL, PLLC

                                              **/s/ Adriana Johnson**
                                              Adriana Johnson
                                              Alecia Johnson
                                              Matthew S. Russo
                                              HODGE LAW FIRM, PLLC
                                              *Attorneys for Plaintiffs*