IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ROBERT HOLLOWAY and BEVERLY J. HOLLOWAY,<br><br>           Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, a corporation,<br><br>           Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br><br>Case No. 2:25-cv-00874-TS-DAO<br><br>District Judge Ted Stewart<br>Magistrate Judge Daphne A. Oberg |

This matter comes before the Court on Defendant State Farm Fire & Casualty Company's Motion for Summary Judgment.[1] For the reasons discussed below, the Court will deny the Motion.

## I. BACKGROUND

Plaintiffs, Robert and Beverly J. Holloway, sue Defendant, State Farm Fire & Casualty Company ("State Farm"), for claims related to coverage of the replacement of their roof. State Farm issued the Holloways a homeowners policy for the policy period of January 22, 2022, to January 22, 2023 (the "Policy").[2] On January 24, 2024, Plaintiffs made a claim to State Farm under the Policy for damage to their roof that they allege occurred during an August 23, 2022 storm.[3]

---

[1] Docket No. 10.

[2] *Id.* ¶ 1.

[3] *Id.* ¶ 2.

Thereafter, on February 6, 2024, State Farm had the roof inspected by an inspection technician, Thomas Adams, who reported to State Farm that he did not find any storm damage to the roof.[4] Mr. Adams took photos of the roof, some of which showed that there was prior repair work done by the chimney.[5]

Plaintiffs' public adjuster, Tristan Isaacs, also inspected the roof and did not see weather damage on the roof.[6] During the same time, Plaintiffs made a claim for attic reinforcement and interior damage, which State Farm determined was due to heavy snowfall in the winter of 2022. On February 9, 2024, Robert Holloway emailed State Farm an invoice for amounts he paid to reinforce his attic.[7] On March 26, 2024, State Farm adjuster Robert Broadbent inspected the interior of Plaintiffs' home and assessed the interior damage Plaintiffs claimed had resulted from a leak by the chimney that had previously been repaired.[8] Thereafter, State Farm sent a payment of $10,903.23 to Plaintiffs to cover the cost of the attic reinforcement and interior damage.[9] Plaintiffs continued to claim wind damage to their roof shingles and State Farm sent engineer Todd Reeder to inspect the roof.[10] He reported that he did not find wind or hail damage to the roof.[11] State Farm again declined to pay for a roof replacement on this basis.

---

[4] *Id.* ¶ 3.

[5] *Id.* ¶ 4.

[6] *Id.* ¶ 5.

[7] *Id.* ¶ 7.

[8] *Id.* ¶ 8.

[9] *Id.* ¶ 9.

[10] *Id.* ¶ 11.

[11] *Id.*

On June 9, 2025, Plaintiffs' public adjuster, Cam Yarbrough, emailed Mr. Holloway and stated "[g]oing to litigation does not require high effort from the homeowner."[12] Four days later, Mr. Holloway signed a fee agreement with Plaintiffs' counsel of record.[13] On June 27, 2025, Plaintiffs replaced their roof.[14] State Farm did not receive notice about replacement of the roof.[15]

Plaintiffs originally filed this suit on August 22, 2025, in state court before it was removed to this Court.

Defendant filed the present Motion on February 3, 2026, as a "Motion for Summary Judgment."[16] However, Defendant fails to address the standard for summary judgment and fails to comply with the local rule governing summary judgment motions.[17] Based on the substance of the Motion and briefing, the Court will instead address this as a motion for sanctions. Having fully reviewed the parties' briefing and finding that oral argument would not be materially helpful,[18] the Court now rules on the Motion.

## II. DISCUSSION

Defendant asserts that because Plaintiffs replaced the roof prior to litigation and before they could send an expert of its choice to inspect the roof, that Plaintiffs spoliated the central evidence to this action, and therefore, dismissal is required.

---

[12] *Id.* ¶ 12.

[13] *Id.* ¶ 13.

[14] *Id.* ¶ 14.

[15] *Id.* ¶¶ 15–17.

[16] *Id.* at 1.

[17] DUCivR 56-1.

[18] *See* DUCivR 7-1(g).

"Spoliation is . . . the intentional destruction of evidence that is presumed to be unfavorable to the party responsible for its destruction."[19] In the Tenth Circuit, sanctions for spoliation are appropriate when a party "had a duty to preserve the evidence because it knew or should have known that litigation was imminent, and [the other party] was prejudiced by the destruction of the evidence."[20] Dispositive sanctions, such as dismissal or an adverse-inference jury instruction, are only appropriate if the spoliating party intentionally destroyed evidence or acted in bad faith.[21] Mere negligence in losing or destroying evidence is not enough.[22] "The moving party has the burden to establish each element of spoliation by a preponderance of the evidence."[23]

A. Duty to preserve evidence

Turning to the first element, Defendant asserts that Plaintiffs had a duty to preserve the roof because they knew that litigation was imminent. Plaintiffs do not appear to contest this. "[L]itigants have a duty to preserve documents or materials . . . that may be relevant to ongoing and potential future litigation."[24] "Usually, 'the duty to preserve is triggered by the filing of a lawsuit, but that duty may arise even before a lawsuit is filed if a party has notice that future

---

[19] *Moreno v. Taos Cnty. Bd. of Comm'rs*, 587 F. App'x 442, 444 (10th Cir. 2014) (internal quotation marks and citation omitted).

[20] *103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985, 989 (10th Cir. 2006).

[21] *Moreno*, 587 F. App'x at 444.

[22] *Id.*; *Arambu v. Boeing Co.*, 112 F.3d 1398, 1407 (10th Cir. 1997) ("Mere negligence in losing or destroying records is not enough because it does not support an inference of consciousness of a weak case.") (citation omitted).

[23] *Velez v. Metro. Water Dist. of Salt Lake & Sandy*, No. 2:24-cv-00258, 2025 WL 2985992, at *2 (D. Utah Oct. 23, 2025).

[24] *Phillips Elecs. N. Am. Corp. v. BC Technical*, 773 F. Supp. 2d 1149, 1195 (D. Utah 2011).

litigation is likely."[25] "For future litigation to be considered imminent there must be more than a mere possibility of litigation."[26]

The Court agrees that Plaintiffs had a duty to preserve the roof. Plaintiffs signed an agreement with their counsel of record in this matter on June 23, 2025, after being advised by their public adjuster regarding litigation, and thereafter replaced their roof on June 27, 2025. Plaintiffs filed this suit less than two months later. Accordingly, the Court concludes that Plaintiffs had a duty to preserve the roof and failed to do so.

B. Actual prejudice to Defendant

Next, the Court considers Defendant's alleged prejudice. "The determination of whether a party seeking spoliation sanctions has been prejudiced turns on the specific facts of the case, and relevance is a necessary component of proving such prejudice."[27] It is not enough for a party seeking spoliation sanctions to raise an issue of theoretical prejudice, i.e., that prejudice cannot be known because the information no longer exists.[28] This is true in any instance involving the destruction of evidence.[29] Rather, a party must present evidence of actual prejudice.[30] "A party suffers actual prejudice when the spoliated evidence goes to a critical issue and the evidence at

---

[25] *Fox v. Steepwater LLC*, No. 2:16-cv-796 BCW, 2018 WL 2208308, at *3 (D. Utah May 14, 2018) (quoting *Phillips*, 773 F. Supp. 2d at 1195).

[26] *Id.* (internal quotation marks and citation omitted).

[27] *Bloom v. Toliver*, No. 12-cv-169-JED-FHM, 2015 WL 5344360, at *2 (N.D. Okla. Sept. 14, 2015) (citing *Henning v. Union Pac. R.R.*, 530 F.3d 1206, 1219–20 (10th Cir. 2008)).

[28] *Linnebur v. United Tel. Ass'n*, No. 10-1379-RDR, 2012 WL 2370110, at *3 (D. Kan. June 21, 2012).

[29] *Id.* (citing *Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1150 (10th Cir. 2009)).

[30] *Id.*

hand is conflicting."[31] Conversely, when a non-spoliating party has other sources of information such as pre-spoliation photographic evidence, courts have found that there is no actual prejudice.[32]

Defendant argues that it has suffered prejudice because its expert of choice, an experienced roofer, could not inspect the roof prior to replacement. It also argues that even if it chose to use Mr. Reeder and Mr. Adams as experts, it would have conducted inspections documenting all parts of the roof through photographs and videos, including photographs of the underside of shingles, if it knew litigation was imminent. Accordingly, the prejudice that Defendant asserts is that it was not able to gather and present evidence as it would normally do for trial.

The Court finds that there is little, if any, actual prejudice to Defendant. Defendant had two opportunities to inspect and document the roof before Plaintiffs replaced it. Defendant sent inspectors and engineers of its choice to inspect the roof, whose extensive reports included many photographs of the roof.[33] Furthermore, Defendant may still call its chosen expert to testify[34] and it appears that it intends to given its recently filed Designation of Experts, which includes both

---

[31] *Pepe v. Casa Blanca Inn & Suites LLC*, No. 18-cv-476-NDF-KHR, 2020 WL 5219391, at *3 (D.N.M. Apr. 10, 2020) (internal quotation marks and citation omitted).

[32] *See McCauley v. Bd. of Comm'rs for Bernalillo Cnty.*, 603 F. App'x 730, 736 (10th Cir. 2015) (finding no spoliation because the party had access to other evidence); *but see Pepe*, 2020 WL 5219391, at *3 (pre-spoliation photographic evidence does not necessarily equate to theoretical, rather than actual prejudice, "[i]t is only when the available photographic evidence fails to capture the relevant characteristics of the spoliated evidence so that an expert relying on the evidence can only render a speculative opinion") (internal quotation marks and citation omitted).

[33] *See* Docket No. 10-4; Docket No. 10-8.

[34] *Pepe*, 2020 WL 5219391 at *4 ("It is well-known that firsthand knowledge or observation is not required for expert testimony to be admissible.").

Mr. Reeder and Mr. Adams, and Tyler Ely, a roofer.[35] Nonetheless, as Defendant asserts—it has lost its ability to physically demonstrate the pliability of the shingles to show the ability to withstand wind, however this does not support dismissal of the case as a sanction.

### C. Bad faith

Furthermore, to support a dispositive sanction, Defendant must prove that Plaintiffs acted intentionally or in bad faith.[36] Defendant does not address this issue other than asserting in its Reply that Plaintiffs admit that they spoliated evidence without giving notice.[37] Plaintiffs argue that the failure to notify was not willful, that the public adjusters were unaware of replacement plans, and since there were previous inspections and Defendant had given its "firm denial" at the time of the replacement, that dismissal is not warranted.[38] Defendant does not carry its burden showing that Plaintiff intentionally destroyed evidence or acted in bad faith. Accordingly, dismissal is not appropriate. Defendant does not seek other sanctions in its Motion and as such the Court will not address lesser sanctions here.

---

[35] Docket No. 14.

[36] *Moreno*, 587 F. App'x at 444.

[37] Docket No. 12, at 3.

[38] Docket No. 11, at 5.

## III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Summary Judgment (Docket No. 10) is

DENIED.

DATED August 5, 2026.

BY THE COURT:

_____

TED STEWART
United States District Judge